# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

AHKEEM WILLIAMS,

Plaintiff,

v.

KIM PEDRIERO, et al.,

Defendants.

/

CASE NO. 1:12-cv-00606-SKO PC

ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANT STEPHENS SHOULD NOT BE DISMISSED PURSUANT TO RULE 4(M)

(Doc. 22)

THIRTY-DAY DEADLINE

Plaintiff Akheem Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdiz, Cortez, Silva, Castro, Day, Stephens,[1] Collier, Torres, Delia, and Tordson for use of excessive physical force, in violation of the United States Constitution. Defendants Garcia, Valdiz, Cortez, Silva, Castro, Day, Collier, Torres, Delia, and Tordson waived service and made appearances in the action. The Marshal has not been able to locate and serve Defendant Stephens, however.

Rule 4(m) provides that

> [i]f a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

[1] Identified as Stevens in the complaint and corrected by Plaintiff in his notice filed November 29, 2012.

In cases involving a plaintiff proceeding in forma pauperis, the United States Marshal, upon order of the Court, shall serve the summons and the complaint. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and [he] should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties." *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (internal quotations and citation omitted), *abrogated on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is automatically good cause. . . ." *Walker*, 14 F.3d at 1422 (internal quotations and citation omitted). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. *Walker*, 14 F.3d at 1421-22.

Based on information provided by Kings County Jail, the Marshal forwarded the service packet to Kings County Probation and was informed that Fred Stephens, Assistant Chief Probation Officer, is deceased. (Doc. 22.) Based on the responses by Kings County Jail and Kings County Probation, the Marshal's Office appears to have exhausted the avenues available to it in attempting to locate and serve Defendant Stephens. *Walker*, 14 F.3d at 1421-22. Plaintiff shall be provided with an opportunity to show cause why Defendant Stephens should not be dismissed. Fed. R. Civ. P. 4(m). If Plaintiff either fails to respond to this order or responds but fails to show cause, Defendant Stephens shall be dismissed from this action.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Stephens should not be dismissed from this action; and

///

///

///

///

///

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Stephens from this action.

IT IS SO ORDERED.

**Dated: April 27, 2013** **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE