# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | CASE NO. 1:12-cv-00606-SKO PC |
| Plaintiff, | ORDER ADDRESSING NOTICE RE RECORDS SUBPOENA AND DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | |
| KIM PEDRIERO, et al., | (Doc. 24) |
| Defendants. | |

Plaintiff Akheem Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdiz, Cortez, Silva, Castro, Day, Stephens, Collier, Torres, Delia, and Tordson for use of excessive physical force, in violation of the United States Constitution.

On April 22, 2013, Plaintiff sent a letter to the Court regarding receipt of a records subpoena from Defendants and requesting the appointment of counsel. The letter was filed and shall be construed as a motion.

The Court cannot give Plaintiff legal advice regarding the prosecution of his case. *See Pliler v. Ford*, 5452 U.S. 225, 231, 124 S.Ct. 2441, 2446 (2004) (Courts "have no obligation to act as counsel or paralegal to pro se litigants.") However, Plaintiff is reminded that on March 12, 2013, the Court issued an order opening the discovery phase of this litigation and setting pretrial deadlines. Therefore, both Plaintiff and Defendants are entitled to engage in discovery at this time, and Plaintiff is required to provide discovery if served with a discovery request that complies with the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(b). The failure to do so may result in sanctions. Fed. R. Civ. P. 37.

With respect to counsel, Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Id.*

Accordingly, Plaintiff's notice regarding the records subpoena is deemed addressed, and Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:   May 1, 2013**                               /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE