# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | Case No. 1:12-cv-00606-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM AS PREMATURE |
| v. | |
| KIM PEDRIERO, et al., | (Doc. 38) |
| Defendants. | |
| _____/ | |

Plaintiff Akheem Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdiz, Cortez, Silva, Castro, Day, Stephens,[1] Collier, Torres, Delia, and Tordson for use of excessive physical force, in violation of the United States Constitution.

On June 27, 2013, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum commanding the production of videotapes and other documents from Kings County. In accordance with the general practice in cases such as this, the request was filed as a motion.[2]

This case is currently in the discovery phase and the deadline for the completion of all discovery is set for November 12, 2013. Subject to certain requirements, Plaintiff is entitled to the

---

[1] Identified as Stevens in the complaint and corrected by Plaintiff in his notice filed November 29, 2012.

[2] Because Plaintiff lacks entitlement to the subpoena duces tecum and there is no prejudice to Defendants, the Court elects to resolve the motion without waiting for Defendants to file a response. Local Rule 230(*l*).

issuance of a subpoena commanding the production of documents, electronically stored information, and/or tangible things from a nonparty, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d).  However, the Court will consider granting such a request only if the documents or items sought from the nonparty are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents, electronically stored information, and/or tangible things.  Fed. R. Civ. P. 34.  If Defendants object to Plaintiff's discovery request, a motion to compel is the next required step.  If the Court rules that the documents, electronically stored information, and/or tangible things are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a subpoena.  Fed. R. Civ. P. 26(b), 34(a)(1).  Alternatively, if the Court rules that the documents or items are not discoverable, the inquiry ends.  Fed. R. Civ. P. 26(b).

In this instance, Plaintiff has not demonstrated that he sought the videotapes and other documents from Defendants through a request for the production of documents, electronically stored information, and/or tangible things, and, if he has done so, he has not filed a motion to compel the production of the videotapes and documents.[3]  Therefore, Plaintiff's motion for the issuance of a subpoena duces tecum is HEREBY DENIED as premature, without prejudice to renewal.


IT IS SO ORDERED.

    Dated:  **July 16, 2013**                               **/s/ Sheila K. Oberto**
                                                                      UNITED STATES MAGISTRATE JUDGE

---

[3] Plaintiff is reminded that discovery requests are to be served directly on Defendants' counsel and are not to be sent to the Court until and unless a dispute arises requiring Court intervention (e.g., a motion to compel).