# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | Case No. 1:12-cv-00606-SKO PC |
| Plaintiff, | ORDER DENYING MOTION FOR LIMITED APPOINTMENT OF COUNSEL TO REPRESENT PLAINTIFF DURING HIS DEPOSITION SCHEDULED FOR OCTOBER 4, 2013 |
| v. | |
| KIM PEDRIERO, et al., | |
| Defendants. | (Doc. 53) |

Plaintiff Akheem Williams, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdiz, Cortez, Silva, Castro, Day, Stephens, Collier, Torres, Delia, and Tordson for use of excessive physical force, in violation of the United States Constitution.

On September 30, 2013, Plaintiff filed a motion seeking the limited appointment of counsel to represent him during his deposition scheduled for October 4, 2013. Defendants filed an opposition on October 1, 2013.

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the

Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970.

With respect to Plaintiff's concerns regarding his deposition, while the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not.

Given Plaintiff's concerns regarding his rights, the Court clarifies for Plaintiff that Defendants have the right to depose him during the discovery phase of this litigation, Fed. R. Civ. P. 30, and the failure to appear for a deposition, or the appearance at a deposition but the refusal to answer questions, is grounds for the imposition of sanctions, Fed. R. Civ. P. 37(a), (d).

Accordingly, based on the foregoing, Plaintiff's motion for the appointment of counsel, filed on September 30, 2013, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated:   **October 1, 2013**              **/s/ Sheila K. Oberto**
                                       UNITED STATES MAGISTRATE JUDGE