# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM PEDRIERO, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:12-cv-00606-SKO PC<br><br>ORDER STRIKING PLAINTIFF'S MOTIONS TO COMPEL AND DENYING DEFENDANTS' REQUESTS FOR REASONABLE EXPENSES<br><br>(Docs. 64, 65, and 67) |

Plaintiff Akheem Williams ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdez, Cortez, Silva, Castro, Day, Stepp, Collier, Torres, Delia, Jr., and Tordsen ("Defendants") for use of excessive physical force, in violation of the United States Constitution.

On October 22, 2013, Plaintiff filed two motions to compel and on October 24, 2013, Plaintiff filed a motion to compel. Defendants filed oppositions, Plaintiff did not file replies, and the motions have been submitted upon the record. Local Rule 230(*l*).

On October 3, 2013, in an order addressing two previous motions to compel, the Court stated as follows:

> Plaintiff failed to include a proof of service by mail with either motion. Every document filed by Plaintiff must be accompanied by a proof of service by mail form setting forth (1) the date of service, (2) the document(s) served, (3) the name

of the individual or entity upon whom service was made (Defendants' counsel, in this situation), and (4) the signature of the individual who served the document by mail. Plaintiff was provided with a proof of service form in an order filed on April 19, 2012, but the Court will direct the Clerk's Office to provide him with another one. Plaintiff is warned that any future filings that do not include the requisite proof of service will be stricken from the record.

(Doc. 57, Order, 1:26-2:6.)

While Plaintiff's three pending motions to compel were accompanied by the proof of service form provided by the Court, Plaintiff failed to certify that the motions were served on Defendants' counsel, in direct contravention of the Court's specific, plainly worded order. Accordingly, Plaintiff's motions are stricken from the record for failure to comply with the order of October 3, 2013.

In opposing all three motions to compel, Defendants seek reasonable expenses pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), which provides that if a motion to compel is denied, the Court shall require the movant to pay the party who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. Fed. R. Civ. P. 37(a)(5)(B) (quotation marks omitted). In this instance, the Court did not reach the merits of Plaintiff's motions to compel in light of his failure to comply with the order of October 3, 2013. The Court therefore declines to award expenses to Defendants on the basis that they are the prevailing parties under Rule 37(a)(5)(B), and given Plaintiff's pro se status, there is insufficient support at this time for consideration of sanctions under the Court's inherent authority. *E.g.*, *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012) (sanctions may be assessed for willful (deliberate) violation of a court order or for bad faith).

Based on the foregoing, it is HEREBY ORDERED that (1) Plaintiff's motions to compel are STRICKEN from the record for failure to comply with the order filed on October 3, 2013, and (2) Defendants' requests for reasonable expenses are DENIED.

IT IS SO ORDERED.

Dated:   **December 4, 2013**                    **/s/ Sheila K. Oberto**
                                            UNITED STATES MAGISTRATE JUDGE