# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM PEDRIERO, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:12-cv-00606-SKO (PC)<br><br>ORDER ADDRESSING PLAINTIFF'S LETTER, DENYING REQUESTS FOR RELIEF, AND DIRECTING CLERK'S OFFICE TO MAIL COPY OF DOCKET<br><br>(Doc. 96) |

　　　　Plaintiff Akheem Williams ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdez, Cortez, Silva, Castro, Day, Stepp, Collier, Torres, Delia, Jr., and Tordsen ("Defendants") for use of excessive physical force, in violation of the United States Constitution.

　　　　On March 20, 2014, the Clerk's Office filed a letter received from Plaintiff. Although Plaintiff seeks an extension of time to file a response in light of his incarceration, it is not clear what "response" Plaintiff is contemplating.

　　　　The Court issued six orders on March 18, 2014. To the extent Plaintiff is seeking an extension of time to file replies to Defendants' oppositions to his motion to compel and Freedom of Information Act motion, his request was not timely filed and the motions had been submitted upon the record when the Court issues its rulings on March 18, 2014. Local Rule 230(*l*).

1 Additionally, any late reply by Plaintiff would not alter the rulings in any event, because Plaintiff did not meet his initial burden as the party moving for relief. Thus, in sum, neither good cause nor excusable neglect has been show, and the Court declines to grant Plaintiff an extension of time to file replies. Fed. R. Civ. P. 6(b); Local Rule 144.

To the extent Plaintiff is seeking an extension of time to respond to Defendants' request for reasonable expenses, as he was directed to do by order filed December 4, 2013, Plaintiff's response is long overdue and the Court has issued its ruling. Plaintiff's bare statement that he is in jail does not suffice to demonstrate good cause to allow Plaintiff to file a late response nor has Plaintiff shown excusable neglect. Fed. R. Civ. P. 6(b); Local Rule 144. Assuming application of the mailbox rule in light of Plaintiff's incarceration, Plaintiff's request for an extension of time was filed on March 17, 2014. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). Plaintiff's response to the order in question, however, was due on January 6, 2014, inclusive of three days for mailing. Fed. R. Civ. P. 6(a), (d).

Plaintiff also requests a transfer to the Tulare County Jail. The Court does not have jurisdiction to issue any rulings regarding Plaintiff's present incarceration and his request is denied. *See Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).

Finally, while the Court notes Plaintiff's assertion that he is at the Kings County Jail, Plaintiff has not filed a notice of change of address and he failed to include his jail identification number in his letter. Mail without identification numbers is routinely returned by jails and prisons. For this reason, the Court will not change Plaintiff's address to the Kings County Jail at this time. Plaintiff bears the burden of notifying the Court of his address change and including in the filing all the information necessary to ensure he receives his mail. Local Rule 183(b).

///
///
///
///
///

1    Based on the foregoing, Plaintiff's letter is deemed ADDRESSED and his requests for
2 relief are DENIED. As a courtesy, the Clerk's Office is DIRECTED to send Plaintiff s copy of
3 the docket.

IT IS SO ORDERED.

Dated:   **March 24, 2014**                              **/s/ Sheila K. Oberto**
                                                         UNITED STATES MAGISTRATE JUDGE