# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | Case No. 1:12-cv-00606-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| v. | (Doc. 104) |
| KIM PEDRIERO, et al., | |
| Defendants. | |

Plaintiff Akheem Williams ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdez, Cortez, Silva, Castro, Day, Stepp, Collier, Torres, Delia, Jr., and Tordsen ("Defendants") for use of excessive physical force, in violation of the United States Constitution, and it is set for jury trial on December 2, 2014.

On September 22, 2014, Plaintiff filed a motion seeking the appointment of counsel. Plaintiff does not have a constitutional right to the appointment of counsel in this civil rights action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel pursuant to section (e)(1), it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.

*Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970. This case is not legally complex, as the issue is whether Defendants used excessive physical force on Plaintiff while he was at the Kings County Jail; and the Court notes that Plaintiff is well able to focus on and articulate those issues which are of his choosing.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not.

Accordingly, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   **September 22, 2014**                    **/s/ Sheila K. Oberto**
                                                           UNITED STATES MAGISTRATE JUDGE