# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | Case No. 1:12-cv-00606-SKO (PC) |
| Plaintiff, | ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PARTIES TO FILE PRETRIAL STATEMENTS |
| v. | |
| KIM PEDRIERO, et al., | (Docs. 101 and 102) |
| Defendants. | **Plaintiff's Pretrial Statement Deadline: 10/10/2014** |
| | **Defendants' Pretrial Statement Deadline: 10/22/2014** |
| | **Telephonic Trial Confirmation Hearing: 11/05/2014 at 2:00 p.m. in Courtroom 7** |
| | **Jury Trial: 12/02/2014 at 8:30 a.m. in Courtroom 7** |

## I. Background

Plaintiff Akheem Williams ("Plaintiff"), a former prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Defendants Garcia, Valdez, Cortez, Silva, Castro, Day, Stepp, Collier, Torres, Delia, Jr., and Tordsen ("Defendants") for use of excessive physical force, in violation of the United States Constitution. Plaintiff's claims arise out of events which occurred in 2010 and 2011 while he was incarcerated at the Kings County Jail in Hanford, California.[1]

---

[1] It remains unclear whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the events.

This case is set for a telephonic trial confirmation hearing on November 5, 2014, at 2:00 p.m. and jury trial on December 2, 2014, at 8:30 a.m.

Pursuant to the second scheduling order filed on June 19, 2014, Plaintiff was required to file his pretrial statement on or before September 8, 2014. Plaintiff failed to comply with the order and on September 12, 2014, the Court ordered Plaintiff to show cause why this action should not be dismissed, with prejudice. Plaintiff filed a timely response on September 22, 2014, but he failed to sign his response and it was stricken from the record on September 22, 2014. Fed. R. Civ. P. 11(a); Local Rule 131. On September 26, 2014, Plaintiff filed a timely signed response in compliance with the order striking his unsigned response.

For the reasons set forth below, the order to show cause is discharged at this time.

**II.   Discussion**

    **A.   Terminating Sanctions**

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). Given that Plaintiff responded to the order to show cause and he is proceeding pro se, terminating sanctions are not supportable at this juncture. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). However, as discussed below, Plaintiff's reasons for failing to comply with the second scheduling order are wholly without merit and Plaintiff is required to file a pretrial statement. If he fails to do so, the Court will revisit the propriety of terminating sanctions in the face of repeated failure to comply with the Court's directive.

    **B.   Trial Date**

First, Plaintiff asserts that he did not agree to set a trial date. The Court has broad discretion to manage its docket, which includes scheduling trial. Fed. R. Civ. P. 16; *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). In as much as the deadline to file pretrial dispositive motions expired on January 21, 2014, and neither side filed a motion, the next stage in these proceedings is trial. Plaintiff's consent is not a prerequisite to scheduling this case for trial,

and furthemore, compliance with scheduling orders is mandatory. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Plaintiff shall be required to file his pretrial statement on or before October 10, 2014. Given that Plaintiff has had almost four months to file his pretrial statement, no further extensions of time will be granted and Plaintiff is warned that the parties' pretrial statements form the basis of the Court's pretrial order. The pretrial order is controlling, and if Plaintiff fails to file his pretrial statement, as he has indicated is his intention, at a minimum he will be precluded from calling witnesses other than himself and introducing exhibits at trial, absent a showing of manifest injustice. Fed. R. Civ. P. 16(d), (e); Local Rules 281, 283. <u>Moreover, the failure to file a pretrial statement in compliance with this order may instead result in terminating sanctions</u>.

In light of the delay caused by Plaintiff's noncompliance, the deadline for Defendants to file their pretrial statement is extended from October 8, 2014, to October 22, 2014.

Plaintiff is required to be available by telephone for the hearing on November 5, 2014, at 2:00 p.m. If Plaintiff's telephone number differs from that in the record, prior to November 5, 2014, he is required to notify Defendants' counsel of the telephone number at which he can be reached for the hearing.[2] Defendants' counsel is required to arrange the conference call and to initiate the call to (559) 499-5790.

C. **Bias and Recusal**

Next, Plaintiff asserts that the Court is biased against him and is letting the defense manipulate the case, in violation of his rights.

Plaintiff's contentions are unfounded. To the extent Plaintiff's argument is construed as a motion for recusal, the motion is denied. A judge must disqualify him or herself if "his [or her] impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he [or she] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d

---

[2] Per the Court's record, Plaintiff's telephone number is (559) 530-4629 and defense counsel's telephone number is (559) 221-5256.

3

1138, 1147 (9th Cir. 2010) (citing *Litkey v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147 (1994)); *accord Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1220-21 (9th Cir. 2014); *In re Marshall*, 721 F.3d 1032, 1041 (9th Cir. 2013).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038. 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," *Johnson*, 610 F.3d at 1147, and in this instance, Plaintiff's assertions of bias against him and in favor of the defense arise from his disagreements with the Court's rulings and with the Court's routine case management decisions, which do not support recusal.

### D. **Discovery**

Plaintiff's response also again raises a variety of discovery-related issues. However, the discovery deadline was November 12, 2013, and Plaintiff's disagreement with the Court's rulings provides no basis for reopening discovery. Plaintiff had ample opportunity to conduct discovery, and he was informed via the first scheduling order that a request for an extension of a deadline must be filed on or before the deadline and must be supported by a showing of good cause. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087. (Doc. 18.) While a number of Plaintiff's motions to compel were denied and/or stricken on procedural grounds, Plaintiff was notified of the deficiencies in plain, clear language, and he had the opportunity to cure the deficiencies and renew the motions. (Doc. 57, 69.) Additionally, Plaintiff's motion to compel the production of videotapes was denied on the merits on the ground that no videotapes exist, and Plaintiff's motion to extend the discovery deadline was based merely on his desire to look for an attorney, which does not establish good cause. (Docs. 61, 62, 78, 79.)

While the Court recognizes that Plaintiff is dissatisfied with Defendants' responses to his discovery requests and wishes to continue conducting discovery, Plaintiff's pro se status does not excuse him from compliance with the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of California, and court orders.

///

### E.  <u>Counsel</u>

Finally, to the extent that Plaintiff's response might be construed in part as another request for the appointment of counsel, it is denied.

Plaintiff does not have a constitutional right to the appointment of counsel in this civil rights action, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981), and while the Court may request the voluntary assistance of counsel pursuant to section (e)(1), it will do so only if exceptional circumstances exist. *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331. Neither consideration is dispositive and they must be viewed together. *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at 1331.

In the present case, the Court does not find the required exceptional circumstances. Even assuming Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. *Palmer*, 560 F.3d at 970. This case is not legally complex, as the issue is whether Defendants used excessive physical force on Plaintiff while he was at the Kings County Jail; and the Court again notes that Plaintiff is well able to focus on and articulate those issues which are of his choosing.

While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case.") The test is whether exceptional circumstances exist and here, they do not.

///

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. The order to show cause, filed on September 12, 2014, is DISCHARGED;
2. Plaintiff is required to file his pretrial statement on or before **October 10, 2014**;
3. The deadline for Defendants to file their pretrial statement is extended from October 8, 2014, to **October 22, 2014**;
4. Plaintiff's motion for the appointment of counsel is DENIED; and
5. **The failure to comply with this order may result in the imposition of sanctions deemed appropriate by the Court, including dismissal of the action with prejudice**.

IT IS SO ORDERED.

Dated:   **October 1, 2014**                              /s/ Sheila K. Oberto
                                                                         UNITED STATES MAGISTRATE JUDGE