# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AHKEEM WILLIAMS, | Case No. 1:12-cv-00606-SKO (PC) |
| Plaintiff, | ORDER VACATING TRIAL DATE, DISMISSING ACTION WITH PREJUDICE, DENYING MOTION TO DISMISS AS MOOT, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| v. | |
| KIM PEDRIERO, et al., | |
| Defendants. | (Docs. 108 and 109) |

## I. **Background**

Plaintiff Ahkeem Williams ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012. This action is proceeding against Kings County Sheriff's Deputies Garcia, Valdez, Cortez, Silva, Castro, Day, Stepp, Collier, Torres, Delia, Jr., and Tordsen ("Defendants") for use of excessive physical force, in violation of the United States Constitution.[1] This case is set for a telephonic trial confirmation hearing on November 5, 2014, and jury trial on December 2, 2014. Based on Plaintiff's failure to comply with the Court's second order to file a pretrial statement, this action shall be dismissed, with prejudice, for the reasons set forth below.

///

///

---

[1] The events at issue occurred at the Kings County Jail in Hanford, California. It is unclear if Plaintiff was a pretrial detainee or a convicted prisoner at the time.

**II.    Discussion**

    **A.    Failure to Comply with Scheduling Order**

The pretrial dispositive motion deadline was January 21, 2014. (Doc. 18.) Neither Plaintiff nor Defendants filed a dispositive motion, and on June 19, 2014, the Court issued a scheduling order setting this case for jury trial and requiring Plaintiff to file his pretrial statement on or before September 8, 2014. (Doc. 101.) In recognition of Plaintiff's pro se status, the Court provided Plaintiff with a copy of Local Rule 281, which governs pretrial statements, and it provided Plaintiff with a generous compliance period of almost three months.[2] (*Id.*) The Court also warned the parties that the failure to comply with the order may result in sanctions, including dismissal of the action or entry of default. (*Id.*)

Plaintiff failed to file his pretrial statement or otherwise respond to the order, and on September 12, 2014, the Court ordered Plaintiff to show cause why this action should not be dismissed. (Doc. 102.) Plaintiff was warned that the failure to respond to the order would result in dismissal of this action, with prejudice. (*Id.*) Plaintiff filed a timely response on September 22, 2014, but he failed to sign it. (Doc. 103.) The Court struck the unsigned response and gave Plaintiff an extension of time to submit a signed response. Fed. R. Civ. P. 11(a); Local Rule 131. (Doc. 106.) Plaintiff then filed a signed response, and given that Plaintiff did respond and in light of his pro se status, the Court discharged the order to show cause and gave Plaintiff another opportunity to file his pretrial statement. (Doc. 109.) Plaintiff was ordered to file his pretrial statement on or before October 10, 2014, and he was again warned that the failure to comply with the order may result in the imposition of sanctions deemed appropriate by the Court, including dismissal of the action with prejudice. (*Id.*) Plaintiff has not complied with the order.

The failure to obey a scheduling order is grounds for the imposition of sanctions. Fed. R. Civ. P. 16(f)(1)(C). A scheduling order is not a frivolous piece of paper, idly entered. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quotation marks and citation omitted); *see also Sinclair v. Fox Hollow of Turlock Owners Ass'n*, No. 1:03-cv-05439-AWI-

---

[2] Plaintiff filed a notice of change of address to an out-of-custody address on October 25, 2013, and that address remains Plaintiff's address of record with the Court. (Doc. 70.)

SAB, 2014 WL 4275470, at *5 (E.D.Cal. Aug 29, 2014) ("[S]cheduling orders are not mere suggestions to be set aside or disregarded at the party's whim."), *findings and recommendations adopted in full*, 2014 WL 4275470 (E.D.Cal. Sep. 26, 2014); *Tessera, Inc. v. Sony Corp.*, No. 5:11-cv-04399 EJD, 2013 WL 97794, at *3 (N.D.Cal. Jan. 7, 2013) ("A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court," and "[j]ust like any other order, the court expects compliance."). Parties are required to exercise due diligence, *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Johnson*, 975 F.2d at 609), and the Court finds that Plaintiff's repeated failure to file a pretrial statement despite being warned three times of the consequences warrants the imposition of sanctions.

### B. Propriety of Terminating Sanctions

#### 1. Balancing Test

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quotation marks and citation omitted). These factors guide a court in deciding what to do and are not conditions that must be met for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

#### 2. Application of Factors

##### a. Public's Interest

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2006) (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), as the "orderly and expeditious resolution of disputes is of great importance to the rule of law," *In re PPA*, 460 F.3d at 1227. This case has been pending

since 2012, jury trial is set in fewer than seven weeks, and Plaintiff's refusal to comply with the order to file a pretrial statement threatens to delay the resolution on the merits at trial, as it potentially impacts the Court's ability to maintain the current trial schedule. *In re PPA*, 460 F.3d at 1227.

### b. Need to Manage Docket

The Court's need to manage its docket also weighs in favor of dismissal. *Id.* at 1227. This action has been pending for almost two and one half years, and Plaintiff had ample time to prepare for trial and comply with the scheduling order. *Id.* The Court has an extremely heavy caseload, and when litigants disregard orders and deadlines, the Court's ability to manage its docket and guide cases toward resolution is significantly compromised. *Id.* Moreover, Plaintiff's explanation failed to even arguably demonstrate good cause for non-compliance with the scheduling order and also expressed Plaintiff's intent to continue disregarding the order to file a pretrial statement.[3] "It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," *Pagtalunan*, 291 F.3d at 642, and here, Plaintiff's expressed, continued disobedience of the scheduling order amounts to more than "routine noncompliance," *id.*

### c. Prejudice to Defendants

Next, while the mere pendency of an action does not constitute prejudice, the impairment of a defendant's ability to proceed to trial is prejudicial. *In re PPA*, 460 F.3d at 1227-28. (quotation marks omitted). This case is not legally complex with respect to the type of claim (excessive force), but there are eleven defendants in this case, which lends complexity from a case management and cost perspective. *See id.* at 1228 (citing *Pagtalunan*, 291 F.3d at 642) (Prejudice "may also consist of costs or burdens of litigation, although it may not consist of the mere pendency of the lawsuit itself.") Further, Plaintiff's refusal to comply with the order to file a pretrial statement interferes with Defendants' ability to engage in meaningful trial preparation with the full benefit of the information to which they are entitled under the Court's scheduling order. The ability to meaningfully prepare for a trial involving eleven defendants is of no small

---

[3] Plaintiff stated that he is "the moving party" and "did not agree" to set a trial date, and that he "objects" to filing a pretrial statement. (Doc. 107, 1:19-21, 2:1-2, & 2:12-13.) Plaintiff's additional assertions regarding discovery and bias against him, which lack merit, were previously addressed in the order filed on October 1, 2014. (Doc. 109.)

4

significance given that the opposing party is pro se, which can lead to increased unpredictability during trial while demanding greater latitude and leniency in the handling of any unexpected trial issues which arise.  At a minimum, Defendants are entitled to prepare for trial with the benefit of Plaintiff's pretrial statement identifying his witnesses, his exhibits, and other relevant information. Plaintiff's refusal to provide this essential trial information via a pretrial statement causes Defendants prejudice, without justification.

### d.   Disposition on the Merits

Public policy always favors disposition on the merits, but "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA*, 460 F.3d at 1228 (quoting *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996)).  Here, Plaintiff's own conduct is at issue and despite being given a second chance to comply with the order to file a pretrial statement, Plaintiff failed to do so. *See id.* at 1228.

### e.   Alternative Sanctions

Finally, there are no alternative sanctions which are satisfactory.  A monetary sanction has little to no benefit in a case in which a litigant is proceeding in forma pauperis. *See Thomas v. Gerber Prod.*, 703 F.2d 353, 357 (9th Cir. 1983) (it is an abuse of discretion to select a sanction which cannot be performed).  Furthermore, discovery is closed and the deadline for filing pretrial motions has passed, leaving the Court unable to impose any effective sanctions on Plaintiff in those areas.  Moreover, the preclusion of exhibits or witnesses cannot be viewed as a *sanction* given that the preclusion of exhibits and witnesses amounts to nothing more than the *consequence* compelled by the failure to file a pretrial statement identifying exhibits and witnesses. *See* Local Rule 281(b)(10),(11).

Finally, Plaintiff was given two opportunities to file a pretrial statement, and his response to the order to show cause evidenced his disinclination to obey the order to file a pretrial statement. The Court is mindful that Plaintiff is proceeding pro se and for that reason, it initially provided Plaintiff with a copy of Local Rule 281 to assist him in preparing his pretrial statement and with a time period of almost three months to file the statement. (Doc. 101.) The Court also,

1 | again in the interest of leniency given Plaintiff's pro se status, provided Plaintiff with a second
2 | chance to file his pretrial statement, despite (1) the absence of any good cause for failing to
3 | comply with the scheduling order in the first instance, and (2) Plaintiff's expressed, continued
4 | resistance to compliance. (Docs. 107, 109.)

### III. Conclusion and Order

The Court finds that dismissal of this action is appropriate. *In re PPA*, 460 F.3d at 1228-29. Dismissal is a harsh sanction and it is not to be meted out lightly. *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011). However, as set forth above, the public's interest in expeditious resolution weighs in favor of dismissal; the conduct at issue – initial noncompliance followed first by express disregard for the Court's order and then by repeated noncompliance – significantly impacts the Court's ability to manage its docket; Plaintiff's refusal to comply with the order to file a pretrial statement prejudices the eleven defendants' ability to prepare for trial with the full benefit of the information to which they are entitled; and there are no satisfactory alternative sanctions available given the procedural posture of the case and Plaintiff's in forma pauperis status. *Dreith*, 648 F.3d at 788.

Accordingly, it is HEREBY ORDERED that:

1. The telephonic trial confirmation hearing set for November 5, 2014, at 2:00 p.m. and jury trial set for December 2, 2014, at 8:30 a.m. are VACATED;
2. This action is dismissed, with prejudice, based on Plaintiff's failure to file a pretrial statement in compliance with the scheduling order;
3. Defendants' motion to dismiss, filed on October 1, 2014, is DENIED as moot; and
4. The Clerk of the Court shall enter judgment.

IT IS SO ORDERED.

Dated:   **October 17, 2014**              /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE