1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10    AHKEEM WILLIAMS,                 Case No.  1:12-cv-00606-SKO (PC)

11            Plaintiff,              ORDER DENYING MOTION FOR
RECONSIDERATION, WITH PREJUDICE

12       v.

(Doc. 112)

13    KIM PEDRIERO, et al.,

14            Defendants.
   _____/

15

16 **I.**     **Introduction**

17       Plaintiff Akheem Williams ("Plaintiff"), a former state prisoner proceeding pro se and in

18 forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 17, 2012.  This

19 action was proceeding against Defendants Garcia, Valdez, Cortez, Silva, Castro, Day, Stepp,

20 Collier, Torres, Delia, Jr., and Tordsen ("Defendants") for use of excessive physical force, in

21 violation of the United States Constitution.  On October 17, 2014, the Court vacated the trial

22 confirmation hearing and trial dates; dismissed this action, with prejudice, for failure to comply

23 with orders; and entered judgment.  (Docs. 110, 111.)  On October 24, 2014, Plaintiff filed a

24 "response" regarding his failure to comply with the order filed on October 1, 2014 -- an order

25 which afforded Plaintiff a second opportunity to file a pretrial statement by October 10, 2014.[1]

26           _____

27 [1] It is unclear if Plaintiff served his response on Defendants.  Plaintiff was advised he is required to serve all filings on
defense counsel and include a proof of service with his filings.  (Doc. 3, Info. Order, ¶4; Doc. 57.)   In the interest of
bringing final resolution to this case and freeing Plaintiff to seek appellate review if he so chooses, the Court will

28 address Plaintiff's filing without waiting for a response.  *See* Local Rule 230(*l*).  The Court finds it unnecessary for
Defendants to respond to the filing and there is no prejudice to them in issuing a ruling at this time.

(Doc. 112.)

## II.      Motion for Reconsideration

### A.      Legal Standard

Plaintiff's filing purports to be a response to a show cause order regarding his failure to comply with the order of October 1, 2014.  However, there is no outstanding order to show cause inviting a response.  This case was dismissed on October 17, 2014, and final judgment was entered.  Given this procedural posture, the Court will construe Plaintiff's response as a motion for reconsideration of the dismissal and for relief from judgment under Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides for relief from a judgment or order.  Based on that nature of Plaintiff's arguments, the Court construes the motion as seeking relief under section 60(b)(6), which allows a party to seek relief from a judgment or order for any "reason that justifies relief."  Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.  *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation marks and citation omitted).  Local Rule 230(j) also requires, in relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision,"

*U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted); *see also In re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices).

### B. Discussion

#### 1. Pro Se Status

Plaintiff's filing revisits issues already considered by the Court.  First, Plaintiff again raises the issue of his pro se status and learning disability.  Plaintiff is not nor has he been required to litigate this case with the skill of an attorney.  The Court is aware Plaintiff is proceeding pro se and has afforded him the leniency to which he is due as a result of his pro se status.

All litigants, including those proceeding pro se, are required to comply with the Federal Rules of Civil Procedure, the Local Rules, and court orders.  While the quality of their compliance efforts must be viewed liberally through the lens of their pro se status, they may not ignore court orders they disagree with, as Plaintiff has done here.  Plaintiff appears to believe he is entitled to attempt vindication of his rights as he sees fit, regardless of rules and orders.  (Doc. 2:15-11.)  The firmness of Plaintiff's conviction regarding the violation of his rights misses the point: he was ordered twice to file a pretrial statement and failed to comply or express any willingness or intention to comply.  The present response is no exception.

#### 2. Counsel and Learning Disabilities

With regard to counsel and Plaintiff's learning disabilities, Plaintiff does not have a constitutional right to the appointment of counsel in this action.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  Courts may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but they do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  In making this determination, courts must evaluate the likelihood of success on the merits and the litigant's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither consideration is dispositive and they must be viewed

1  together.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn* 789 F.2d at

2  1331.

3      While the Court recognizes Plaintiff is at a disadvantage due to his pro se status and other

4  stated limitations, the test is not whether Plaintiff would benefit from the appointment of counsel.

5  *See Wilborn*, 789 F.2d at 1331 ("Most actions require development of further facts during

6  litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary

7  to support the case.")  The test is whether exceptional circumstances exist and here, they do not.

8  Plaintiff's present nine-page response evidences his ability to effectively communicate his

9  position.  As the Court previously recognized, "Plaintiff is well able to focus on and articulate

10 those issues which are of his choosing."  (Doc. 109, Order Discharging Order to Show Cause,

11 5:22.)  The Court has not required anything of Plaintiff which exceeded his abilities; it merely

12 required him to comply with its orders and he was unwilling to do.  The Court also notes that

13 Plaintiff is not in custody and he had adequate opportunity to seek representation by counsel,

14 unhindered by the restraints of incarceration.

15              **3.     Bias and Discovery Issues**

16      The Court previously addressed Plaintiff's accusations of bias and unfairness.  Adverse

17 rulings, however, do not constitute bias, and Plaintiff's repeated attempts to impugn the integrity

18 of the Court based on his mere disagreement with rulings lack merit.

19      Finally, Plaintiff again focuses on discovery.  The Court recognizes that Plaintiff believes

20 there should have been videotapes and Defendants lied when they stated there are no videotapes.

21 (Doc. 112, 5:9-6:11.)  This issue was considered on the merits on December 4, 2013, and in the

22 absence of evidence to the contrary, Plaintiff is required to accept Defendants' discovery response,

23 which constitutes a certification, that no videotapes were located.  *See* Fed. R. Civ. P. 11(b), 26(e),

24 26(f).  (Doc. 71, Opp., 2:5-10 & Garcia Dec., ¶3; Doc. 79, Order, 2:1-6.)

25 **III.    Attempt to Engage in Ex Parte Communication**

26      Plaintiff's request for a telephone call with chambers, set forth in his response, is denied.

27      The Court has been informed by staff that Plaintiff called chambers directly on two

28 occasions within the past week, approximately, and sought to discuss merits-related issues in his

case.  Plaintiff is admonished that ex parte communications with the Court are improper, and he shall not telephone chambers in an attempt to initiate such communication.  When the Court previously set a telephonic trial confirmation hearing for November 5, 2014, the order provided the telephone number to defense counsel, who was tasked with arranging the conference call with Plaintiff and then initiating the call to chambers.  That hearing has been vacated; the Court cannot provide Plaintiff with any legal advice; and it is improper for Plaintiff to attempt to reach the Court, including its staff, to discuss his case.  Given that Plaintiff is proceeding pro se, the Court will afford him the benefit of the doubt regarding his awareness that such conduct is prohibited.  However, Plaintiff is now on clear notice that he may not call chambers regarding his case.

**IV.** **Order**

Based on the foregoing, Plaintiff's response, construed as a motion for reconsideration, is HEREBY DENIED.  In as much as the Court has addressed the issues raised by Plaintiff more than once, the motion for reconsideration is denied with prejudice, and any further recourse should be sought from the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **October 27, 2014**                         **/s/ Sheila K. Oberto**
                                                              UNITED STATES MAGISTRATE JUDGE

5